STATE, EX REL. PATRICK SHERIDAN, COUNTY COLLECTOR OF THE COUNTY OF UNION, v. MAYOR AND COMMON COUNCIL OF THE CITY OF RAHWAY AND HENRY S. LANGSTAFF, TREASURER OF THE CITY OF RAHWAY.

The treasurer of the city of Rahway received in payment of taxes, cash and bonds and warrants. The bonds were received by virtue of an act, (*Pamph. L.* 1881, *p.* 161,) and the warrants by virtue of a resolution, of the common council. Upon rule for *mandamus* to compel the treasurer and mayor and common council to pay over the amounts so received to the county collector, in payment of the quota of state and county tax due to the county collector—*Held*, that the writ should go, commanding the treasurer to pay over the cash received, and to the mayor and common council, commanding them to pay over the amount received in warrants, but no writ would go for the payment of the amount received in bonds.

---

This is an application by Patrick Sheridan, collector of the county of Union, for a writ of *mandamus* commanding the common council and the treasurer of the city of Rahway to pay over to the said county collector certain moneys alleged to have been received by said treasurer on account of taxes levied by the authorities of the city of Rahway. The return to the rule to show cause why such a writ should not issue, and the depositions taken, to be used upon the hearing, show the following facts:

The amount of taxes which has been paid to the treasurer of Rahway for the year 1881, is the sum of $21,165.

Of this amount, $10,172.79 was received in cash. Of this last amount, $5400 has been paid to the county collector on account of the taxes of 1881, and $1100 on account of the taxes of the preceding year. This leaves the sum of $5672.79

received as cash, which has not been paid over to the county collector. Of this, $2500 was in the hands of the treasurer, and was, by admission in brief of counsel, paid over to the collector. The remainder of the $5672.79 was expended for municipal purposes, on account of small-pox expenses and other expenses not particularly stated.

It appears that, in addition to the amount of taxes received in cash, there were received bonds and warrants, in part payment of taxes, which bonds and warrants represented a sum equal to $14,798.69.

The bonds were received by virtue of an act (*Pamph. L.* 1881, *p.* 161,) which provides that when, in any of the cities of this state, taxes shall remain unpaid for the period of one year, they may be paid in any of the municipal bonds of said city which may have been issued in anticipation of taxes.

The warrants were received by virtue of a resolution of the common council of the city of Rahway.

These warrants were drawn by the mayor and common council, upon the treasurer, in payment of officers' salaries, fees, supplies, schools and other expenses incurred in the running of the city government.

The quota for the city of Rahway, for state and county taxes, for the year 1881, is the sum of $18,460.17.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the relators, *P. H. Gilhooly.*

For the respondents, *G. Berry.*

The opinion of the court was delivered by

REED, J. The application of the relators is based upon the provisions of the Tax act contained in *Rev., p.* 1159, § 83.

This section provides that it shall be the duty of the collectors of the townships, cities and wards in this state, out of

Sheridan v. City of Rahway.

the first moneys which shall be collected by them, to pay to the county collector * * * the state and county taxes. The question involved is whether we shall treat the bonds and warrants, or either of them, as money received by the treasurer of Rahway.

If both are treated as money collected, then it appears that the respondent has received more than sufficient to pay the quota for the state and county, and the relator is entitled to his writ commanding the payment of the entire quota. If either bonds or warrants are to be so treated, then the writ should go, commanding the payment of the amount represented by such bonds or warrants.

It is apparent that the legislature, in enacting section 83 of the present Tax act, had in view the reception of money by the collector of taxes.

The object of this section was to secure to state and county the money which was collectible through the officers of townships and cities, and to throw the burden of any negligence in collecting taxes upon the municipality whose officers these collectors were.

By force of this section, the county gets an interest in the first moneys collected, in the same manner as a principal has a right to the moneys in the hand of his agent, to whom he has intrusted notes or bonds for collection.

If the agent chooses to receive something other than money, as money, and receipts for, and discharges the claim, he has no answer to his principal's claim for the money, unless his action has had the assent of his principal. If he chooses to allow, in such settlement, a counter-claim against himself, and receipts for his principal's claim, he must respond to his principal in money, if his principal chooses to enforce his right.

So far as the warrants were received by the treasurer, under the resolution of the common council, the transaction was, as to the city, probably valid. It was the allowance of a counter-claim against the city, in part extinguishment of the amount of the city's levy against the creditor.

But the right of the county was superior to that of the city.

The text and spirit of the eighty-second section displays an intention that the taxes, up to the amount of the state and county quota, shall be received in money.

If the common council or collectors take upon themselves the responsibility of extinguishing a claim for taxes, by the acceptance of something other than money, as to the county, they are concluded from saying that the tax is collected, and the cash which should result from its collection is in hand. So far as the amount collected by the treasurer of Rahway is represented by warrants, the relator should have his writ ordering its payment.

In regard to the reception of the bonds, the case presents a different aspect. They were received in accordance with an act of the legislature. The same power which provided that the first moneys received should be paid over to the county collector, also enacted that, for taxes of the preceding year, bonds issued by the city, in anticipation of taxes, should be received. Here is a legislative recognition of the right to receive something other than money, and it is impossible, in the face of this legislation, to compel the defendants to pay that which they have not received.

In regard to the amount of cash collected, remaining and unpaid to the relator, a writ should go to the treasurer, commanding the payment of that amount. The statement in the return, that the difference in the amount collected and paid was expended in providing for small-pox cases and other necessary municipal expenses, is no answer to the peremptory requirement of the statute.

In regard to the amount paid in warrants, inasmuch as the treasurer acted under a resolution of common council in receiving them, and the right to receive them, by such resolution, was unsettled by any adjudication, the writ will go, in this instance, only to the mayor and common council, for this amount.